SHOAFF
v.
JONES.

---

## SHOAFF and Another *v.* JONES.

The act of 1844 regulating the practice of law in *Allen* county, provides that if either party fails to comply with any rule on or before the proper rule day, the clerk shall note such failure on the rule book, and judgment shall be entered thereupon against the party in default, unless the Court for cause shown *and on an affidavit of merits*, shall set such default aside.

*Friday,
December* 21.

ERROR to the *Allen* Circuit Court.

SMITH, J.—Assumpsit upon a promissory note by *Jones* against *Shoaff* and another. Judgment in favor of *Jones* for the amount of the note.

It appears, by a bill of exceptions, that at the *October* term, 1846, the parties appeared and the defendants were ruled to plead on or before the third rule day, which was the 11th of *January*, 1847, and the defendants having failed to do so, they were defaulted upon the rule book on the 12th of *January*, 1847. On the second day of the ensuing *February* term, on motion of the plaintiff, judgment was rendered upon the default, and thereupon the counsel for the defendant showed to the Court, that he had filed three pleas on the morning of said day last mentioned, with a written statement by one of the defendants, that he was a surety for the other upon the note, and desired to have the judgment, if any was rendered, entered in conformity with the provisions of the statute relative to such cases, and that the pleas had been marked filed by the clerk. The plaintiff then suggested that these pleas were filed without the knowledge or order of the Court, and the Court ordered them to be stricken from the files and rendered judgment as aforesaid.

These proceedings were had under an act to regulate the practice of law in the *Allen* Circuit Court, (Acts of 1844, p. 26,) by the fifth section of which it is provided, that the second *Monday* in each month shall be a rule day; and by the sixth section, that in case either party shall fail to comply with any rule on or before the proper rule day, the clerk shall note such failure on the rule book, and judgment shall be thereupon rendered against the party in default, unless the Court, for good cause shown and *an affidavit of merits*, shall set such default aside.

There was no affidavit of merits filed in this case, and the judgment appears to have been rendered in conformity with the act regulating the practice in the Court below.

*Per Curiam.*—The judgment is affirmed with costs and 5 *per cent.* damages.

*D. H. Colerick* and *J. G. Walpole*, for the plaintiffs.

*R. Brackenridge*, for the defendant.